IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEVIN WORMUTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 06-CV-552-GKF-SAJ |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE CO., STATE FARM FIRE & ) | |
| CASUALTY COMPANY, CHAD KILBY, and ) | |
| TONY COOKS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is the Motion to Remand of plaintiff Devin Wormuth ("Wormuth"). [Docket No. 15].

A civil action is removable only if the plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). Removal statutes are to be strictly construed, and doubts are to be resolved against removal. *Fajen v. Foundation Reserve Insurance Co., Inc.,* 683 F.2d 331, 333 (10th Cir. 1982).

On November 21, 2006, defendant State Farm Mutual Automobile Insurance Company ("State Farm Mutual") filed a Motion for Leave to File Supplemental Briefing on its Response to Plaintiff's Motion to Remand. The previously-assigned judge denied the motion, finding that State Farm Mutual had not provided sufficient description of "new issues" not previously addressed in its response and had not explained why the issues could not have been addressed in the response.

In its removal notice and in its response brief, State Farm Mutual requests permission to conduct limited discovery and hold an evidentiary hearing to present evidence supporting its allegation that Wormuth fraudulently joined defendants Chad Kilby ("Kilby") and Tony Cooks ("Cooks"). State Farm Mutual does not articulate specifics as to what discovery is needed or what would be presented at an evidentiary hearing. The following excerpt from a Fifth Circuit decision outlines when an evidentiary hearing is or is not appropriate in connection with an allegation of fraudulent joinder:

> Though in this case there was no need for an evidentiary hearing, we do not mean to suggest that an evidentiary hearing is never required in adjudicating allegations of fraudulent joinder. Where the removing party contends that the plaintiff's pleadings contain misrepresentations of jurisdictional fact, an evidentiary hearing would indeed be appropriate. Thus, where the removing party alleges that the named in-state defendant does not even exist; or that there is a contested question of fact regarding the true domicile of the parties the trial court may hold an evidentiary hearing to resolve these limited questions of jurisdictional fact. However, where the disputed factual issues relate to matters of substance rather than jurisdiction, e.g. did the tort occur? was there a privilege? was there a contract? etc., all doubts are to be resolved in favor of the plaintiff.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 n.14 (5th Cir. 1981) *(citations omitted)*. *See also Estate of Hill v. Allstate Ins. Co.*, 354 F. Supp. 2d 1192, 1996 (D. Colo. 2004) ("I may look to evidence outside of the pleadings in making this determination, although I may not conduct a full-scale evidentiary hearing. Rather, I must view the facts in the light most favorable to the non-removing party and resolve all disputed questions of fact and uncertain legal issues in its favor.") (*citations omitted*). Although a court is permitted to pierce the pleadings, this does not mean that the federal court will pre-try issues of fact to determine removability; the issue must be capable of

summary determination and be proven with complete certainty. *Smoot v. Chicago, Rock Island and Pacific R.R.*, 378 F.2d 879, 882 (10th Cir. 1967).[1]

The court concludes that State Farm Mutual has not established that discovery and an evidentiary hearing on its allegations of fraudulent joinder is warranted. State Farm Mutual's request for discovery and an evidentiary hearing is therefore denied.

**I.     Background and Procedural History**

Wormuth filed his Petition in Osage County District Court on August 15, 2006. Wormuth alleges that, on June 4, 2005, he parked his 2001 Ford F150 XLT pickup truck outside his home. He further alleges that an unknown person stole the pickup, tore up the interior of the cab, and removed stereo equipment. The Tulsa Police Department located the truck the next day. Wormuth alleges that at the time of the incident he had a contract with the defendant insurance companies (hereinafter collectively referred to as "State Farm") to indemnify him for property damage. Wormuth alleges that he reported the truck's damage to State Farm in a timely manner, that State Farm failed and refused to pay the loss, that State Farm investigators Kilby and Cooks accused him of insurance fraud without having a factual basis for such an accusation, that the investigators communicated the accusations to third parties, and that the accusations were made with actual malice and reckless disregard for the truth. Wormuth claims that State Farm breached the contract

---

[1] To appreciate the depth of permissible "piercing," it is helpful to examine the circumstances addressed in *Smoot*. That case involved claims resulting from a collision between a train and a car in which the motorist was killed. In addition to the railroad, the plaintiff joined as a defendant one Edward Bartholomew, who allegedly was an employee of the railroad responsible for the maintenance of safety signals that had contributed to the accident. In considering claims that Bartholomew was fraudulently joined, the district court considered an uncontested affidavit to the effect that Bartholomew had ceased working for the railroad over one year before the accident alleged. The Tenth Circuit panel affirmed the district court's denial of the plaintiff's motion to remand. The panel noted that the undisputed evidence "established with complete certainty" Bartholomew's "non-liability." *Smoot*, 378 F.2d at 882.

of insurance, that it breached its duty to deal fairly and in good faith with him, and that its agents committed libel and slander.

State Farm Mutual removed the case on October 6, 2006. It claims that Wormuth fraudulently joined Kilby and Cooks in an attempt to defeat diversity.

In his motion to remand, Wormuth contends that Kilby and Cooks are not fraudulently joined. Wormuth attaches affidavits from Teresa Priest ("Priest") and Martha Warmuth ("Mrs. Wormuth"). Priest is Wormuth's sister-in-law. [Docket No. 15-3 at p. 1]. Priest states she received two phone calls from an individual she believed was Cooks. Priest interpreted Cooks' statements as accusations of insurance fraud. Ms. Wormuth's affidavit is similar.

## II.     Fraudulent Joinder

State Farm Mutual contends that Wormuth has fraudulently joined Cooks and Kilby to destroy diversity. In *Town of Freedom, Oklahoma v. Muskogee Bridge Co. et. al,* 466 F. Supp. 75 (W.D. Okla. 1978), the court discussed the burden of proving fraudulent joinder.

> As Plaintiff's motion to remand is presently before the Court, the burden of proof is on the Defendants, as the removing parties, to show that this action was properly removed. Where there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear.
>
> The right to remove a case from a local forum into federal court is solely one conferred by statute, rather than one which is constitutionally derived. Inasmuch as the removal statutes represent congressionally-authorized encroachments by the federal courts into the various states' sovereignties, those provisions must be strictly construed, and their established procedures rigidly adhered to.
>
> 28 U.S.C. § 1441 indicates what actions are removable from state court to federal court. An action can be removed from a state court to a federal court, where there is no federal question, only by a defendant or defendants who are not citizens of the state where the

> action is brought. 28 U.S.C. § 1441(b). Therefore, a plaintiff may join a defendant who is a citizen of the state where the action is brought in order to defeat the non-resident defendant's right to remove. However, should the non-resident defendant choose to remove and all other jurisdictional requisites are met, it can submit to the court that the joinder of the resident defendant was a "fraudulent joinder" to defeat diversity. Where the removing defendant pleads fraudulent joinder it must support its claim with clear and convincing evidence.
>
> *As a general statement of what constitutes fraudulent joinder, it can be said that the joinder may be fraudulent if the plaintiff fails to state (and seemingly cannot state) a cause of action against the resident defendant, and according to the settled rules of the state in which the action is brought, the failure is obvious. The plaintiff's intent or motive to defeat federal jurisdiction by its joining a resident defendant does not constitute fraud when there is some substance to the allegation against the resident defendant.*
>
> *In order to be deemed a fraudulent joinder, there cannot be any reasonable ground of liability. There need be only a possibility that a right to relief exists to avoid this conclusion, and a plaintiff's ultimate failure to obtain a judgment is immaterial. The issue of fraudulent joinder must be capable of summary determination and be proven with complete certainty. If there is doubt as to whether the plaintiff has stated a cause of action against the resident defendant, the joinder is not fraudulent and prevents removal, and the case should be remanded.*
>
> As this Court has stated on several occasions, in a removal based on an alleged fraudulent joinder the Court must be able to grant a motion to dismiss the alleged fraudulently joined defendant from the case. Accordingly, in order for this Court to give its approval to the removal of the instant case and to deny Plaintiff's motion to remand, it must be able to grant Muskogee Bridge's motion to dismiss the action against it on the basis that the Plaintiff's Petition fails to state a claim against Muskogee Bridge upon which relief may be granted.

*Town of Freedom* at 77-78 (*citations omitted, emphasis added*). The court in *Town of Freedom* was

unable to conclude that the plaintiff could prove no set of facts in support of its claim against the

5

non-diverse defendant. It therefore concluded that joinder of the non-diverse defendant was not fraudulent and remanded the action to state court.

As stated above, Wormuth alleges slander against defendants Kilby and Cooks based on statements made "with actual malice, knowing it was false or made with reckless disregard as to its truth or falsity" by Kilby and Cooks "to the Oklahoma Insurance Commissioner and to several others . . . ." [Docket No. 2-2, at 7].  State Farm Mutual argues that Oklahoma statutes provide immunity for the statements allegedly made by Kilby and Cooks.  However, the immunity provided by statute for statements made to the Anti-Fraud Unit of the Oklahoma Insurance Department contains exceptions for communications made with actual malice and/or reckless disregard for the truth.  36 O.S. Supp. 2006, § 363(B).  In addition, the immunity does not apply to any insurer, or agent for communications about suspected insurance fraud to any other person or entity.  *Id.*  Insofar as Wormuth has alleged that the statements were made with actual malice, with reckless disregard for the truth, and that they were made to others, this court is unable to fairly conclude that Wormuth can prove no set of facts which would entitle him to relief against the non-diverse defendants under the exemptions to immunity.

State Farm Mutual argues that Wormuth has not alleged any communications of alleged slander by defendant Kilby.  *See* State Farm Mutual's Response, p. 10.  One need only look to Wormuth's allegations of slander against Kilby in the Petition to disprove this statement.

Upon review of the Petition and the briefs and materials filed in conjunction with the Motion to Remand, this court is unable to fairly conclude that Wormuth can prove no set of facts in support of his claim which would entitle him to relief against the non-diverse defendants. The court therefore finds that the joinder of defendants Kilby and Cooks as defendants in this action was not fraudulent.

Accordingly, as there is a lack of complete diversity of citizenship between the parties herein, the court finds that it is without jurisdiction of this action, and that the case should be remanded to the District Court of Osage County, State of Oklahoma, from which it was removed. 28 U.S.C. § 1447(c).

IT IS SO ORDERED this 21st date of May 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma