# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DEVIN WORMUTH,                          )
                                        )
                 Plaintiff,             )
                                        )
v.                                      )        No.  06-CV-552 GKF/SAJ
                                        )
STATE FARM MUTUAL AUTOMOBILE            )
INSURANCE CO; STATE FARM FIRE &         )
CASUALTY COMPANY, CHAD KILBY,           )
and TONY COOKS,                         )
                                        )
                 Defendants.            )

## REPORT AND RECOMMENDATION

Comes on for report and recommendation pursuant to reference from the Honorable

Gregory K. Frizzell, Plaintiff's Motion for Attorneys' Fees [Dkt. #29], and the court, having

reviewed the argument and authority presented by the parties in their filings, concludes the

motion should be granted in part and denied in part as set forth herein.

Plaintiff, Devin Wormuth ("Wormuth"), seeks an award of attorney fees[1] in the

amount of $3,900.00 against Defendant State Farm Mutual Automobile Insurance

Company ("State Farm Mutual")[2] for unreasonable removal following remand to the District

Court in and for Osage County, Oklahoma.  The Honorable Gregory K. Frizzell determined

there was no fraudulent joinder and that there was a lack of complete diversity by Opinion

and Order entered on May 21, 2007.   The order contained no reference to attorney fees

---

[1]   Only one attorney seeks fees, contrary to the wording of the motion.

[2]   There are four named defendants. Notice of Removal was filed by only State Farm Mutual. The
court will therefore refer to defendant in the singular unless otherwise appropriate.

1

or costs.

## I. Background

The District Court's order succinctly sets forth the background and procedural history of this case at pages 3-4**.** To briefly summarize, this case was initially filed in the Osage County District Court on August 15, 2006. Wormuth sued the four named defendants for breach of insurance contract when the insurance company defendants failed to pay Wormuth pursuant to a claim for damages Wormuth submitted after his insured vehicle was allegedly stolen and partially destroyed. Wormuth also asserted claims for defamation against the insurance company defendants and the individual defendants, Chad Kilby ("Kilby") and Tony Cooks ("Cooks"), who were investigators for the insurance company defendants.

Defendants were served on September 19, 2006. On October 6, 2006, Notice of Removal ("Notice") was filed by State Farm Mutual. The Notice alleged Kilby and Cooks were fraudulently joined in order to defeat Defendants' right to proceed in federal court.

## II. Jurisdiction

State Farm Mutual urges this court is without jurisdiction to consider Plaintiff's motion because the remand order did not address attorney fees**,** relying upon the plain language of 28 U.S.C. § 1447(c), which states:

> An order remanding the case may require payment of just costs
> and any actual expenses, including attorney fees, incurred as a result
> of the removal.

The Circuit Courts of Appeals which have addressed this issue have concluded the statute is one of inclusion, not exclusion. Attorney fees or costs may be included in the remand order but the failure to award attorney fees or costs does not deprive the court of

2

jurisdiction.  *See*, *e.g. Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 256 (6th Cir. 1996) ("We simply do not read the 'plain language' of § 1447(c) in the same way as did the courts in *United Broadcasting* and *Faust*: that an award has to occur in the very same order remanding the case, or not at all.  Indeed, the language of the statute 'an order remanding the case may require payment of . . . attorneys fees' – is enabling, but does not purport to be exclusive."); *Mints v. Educational Testing Service*, 99 F.3d 1253, 1258 (3rd Cir. 1996) ("In our view, section 1447(c), by providing that a court 'may require payment' of costs and attorney's fees incurred as a result of the removal does not imply that the court cannot enter an order for payment of such costs and fees at some later time.").  Of the Circuit Courts of Appeals that have addressed the issue, each has concluded that the failure to include the award of costs within the order of remand is not jurisdictional.  The Courts of Appeals primarily focus upon the United States Supreme Court decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990):

> [T]he Supreme Court held that district courts retain jurisdiction to award attorneys' fees pursuant to Rule 11 after a voluntary dismissal of a suit.  The Court stated:
>
>> It is well established that a federal court may consider collateral issues after an action is no longer pending.  For example, district courts may award costs after an action is dismissed for want of jurisdiction.  *See* 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for modification of the original decree."  Thus, even "years after the entry of a judgment  on the merits" a federal court could consider an award of counsel fees. . . .  Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of the action.  Rather, it requires the determination of a collateral issue.

*Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 445 (9th Cir. 1992) *citations*

3

omitted.  *See also Stallworth*, 105 F.3d at 256; *Mints*, 99 F.3d at 1258; *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).

The Tenth Circuit Court of Appeals has not directly addressed the issue.  However, an award of attorney fees entered after entry of remand order was affirmed in *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997) (remand order entered February 22, 1996; order awarding attorney fees entered March 29, 1996).

State Farm Mutual relies upon *United Broadcasting Corp. v. Miami Tele-Communications, Inc.*, 140 F.R.D. 12 (S.D. Fla.).  The *United Broadcasting* court relied upon the plain language of the statute in concluding that an award of costs and expenses must be included in the remand order.  *United Broadcasting*, 140 F.R.D. at 14.  Based upon the Circuit Courts' rejection of this position, this court concludes that it has jurisdiction to consider Plaintiff's motion requesting attorney fees.

### III. Standard of Review

The United States Supreme Court, affirming a decision from the Tenth Circuit Court of Appeals, found that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L.Ed.2d 547 (2005).  There is no presumption to award fees or not to award them. *Id.* at 709-11.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 711.[3/]

---

[3/] Prior to the *Martin* decision, the Tenth Circuit consistently held that, in determining whether or not to award fees following remand, the district court was to focus on the "propriety" of the removal. *See*

**IV. Argument and Authority**

Plaintiff urges two grounds for finding State Farm Mutual lacked an objectively reasonable basis for removing to this court: (1) Defendant's accusation that the individually named defendants were fraudulently joined; and, (2) Defendant's inconsistent position of asking the court to disregard the slander claim while continuing to ask the court to aggregate damages sought for slander in determining the minimum jurisdictional amount had been met.

1. Fraudulent Joinder

Wormuth asserts that Defendant attacked only the single element of Plaintiff's slander claim - that Kilby and Cooks' alleged communication was privileged pursuant to 12 O.S. § 1443 and 36 O.S. § 363 and could therefore not be a basis for a slander claim. Wormuth states Defendant omitted the statutory language of § 363 which removes the privilege if the statements were made fraudulently, in bad faith, recklessly, in disregard of the truth and with actual malice. Further, no privilege applies if the statements were made to persons other than the Oklahoma Insurance Commissioner. In this case, Wormuth alleges the statements were made fraudulently, in bad faith, recklessly, in disregard of the truth and with actual malice. Additionally, Wormuth alleges the statements were made to unidentified "others."

Wormuth is correct that these issues were not addressed in the Notice. However, attached to the Notice were affidavits from Kilby and Cooks in which each stated under

---

*Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997) (affirming the award of fees); *Excell at Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (same); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994) (affirming the denial of fees).

5

oath that all communications regarding suspected insurance fraud made in the investigation of Plaintiff's claim are contained in the claim file and consist only of the August 25, 2005 letter to the Oklahoma Department of Insurance Anti-Fraud Unit.  Each further attests that the communication was made in the absence of fraud, bad faith, reckless disregard for the truth, or actual malice to only the Anti-Fraud Division of the Insurance Department.

The first issue the court must decide is whether it was objectively reasonable for Defendant to rely on these affidavits to establish fraudulent joinder in light of Wormuth's allegations in the Petition which directly contradict them. The court cannot conclude that it was.

The affidavits of Kilby and Cooks directly address the issues Wormuth asserts makes their joinder proper-state of mind, intent and communication to "others." However, these are self serving affidavits which contain statements going to the heart of the ultimate factual disputes. These cannot be resolved by affidavit. *B. Inc., v. Miller Brewing Co.*, 663 F. 2d 545, 551 n.14 (5th Cir. 1981), cited by Judge Frizzell, states:  "However, where the disputed factual issues relate to matters of substance rather than jurisdiction, e.g. did the tort occur? was there a privilege? etc., all doubts are to be resolved in favor of the plaintiff."

The Notice included a request from Defendant for permission "to conduct limited discovery in order to require Plaintiff to demonstrate to the Court what 'other' individuals and/or entities to which Plaintiff alleges the publication was made."[4/]    The request was repeated in Defendant's response brief to Motion to Remand.  Defendant also requested

---

[4/]   Factually opposite affidavits were submitted by Wormuth in support of motion to remand. These provide State Farm Mutual at least some of its allegedly denied discovery.

an evidentiary hearing on the issue. The District Court denied the requests for discovery and evidentiary hearing and remanded to state court.

2.  Discovery/Evidentiary Hearing Request

The court must next address whether it was objectively reasonable for State Farm Mutual to anticipate the court would grant the request for discovery and an evidentiary hearing.  Again, the court cannot so find.

State Farm Mutual  almost immediately filed the Notice. Pursuant to 28 U.S.C. § 1446(b):

> "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than 1 year after commencement of the action."

This case was removed in its judicial infancy.  State court discovery could have been pursued and documentation obtained establishing fraudulent joinder without waiving the right to remove for up to one year.

State Farm Mutual implies  in footnote 1 of its brief that pursuit of discovery in state court in this case prior to removal could be raised as a waiver of the right to remove. The authority cited for this proposition, *Brown v. Demco, Inc.,* 792 F. 2d 478, 481 (5th Cir. 1986) involves far different facts and issues than those before this court.  In *Brown*, waiver was found where the state court litigation was in its fourth year and the court determined that plaintiff was not aware that a newly added defendant was a proper defendant and that plaintiff did not delay in naming the newly added defendant in a bad faith effort to prevent

7

removal. [5/]

The court concludes State Farm Mutual lacked an objectively reasonable basis for removing to this court based upon the assertion of fraudulent joinder. The District Court's conclusion as to that issue divested this court of diversity jurisdiction. The court, therefore, need not address the position of State Farm Mutual as to calculation of jurisdictional amount.

## V.  Plaintiff's Fee Application

Plaintiff seeks an award of attorney fees in the amount of $3900.00, attaching only the affidavit of counsel in support.  The affidavit summarizes time spent but does not attach actual billing records which are subject to examination by the court and/or cross-examination by opposing counsel.  It states the courts to which counsel is admitted to practice and the fact he has been an attorney for approximately  five (5) years. Counsel's hourly billing rate is represented to be $150.00 an hour.

The affidavit does not provide sufficient information from which this Court can determine if the hourly rate "normally" charged of $150.00 an hour is reasonable and/or is in line with the rates charged by counsel with comparable experience and background in

---

[5/]   The court, *sua sponte*, found numerous cases in which removal was allowed beyond the one year time frame where there was some manipulation of the one year time frame by plaintiff. *See Saunders v. Wire Rope Corp.*, 777 F.Supp. 1285 (E.D.Va. 1991), citing *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328 (D.S.C. 1979), and *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898) in support.  In *Heniford*, 471 F.Supp. at 335, the court stated:

> "[W]hile this Court is mindful that removal statutes are to be strictly construed with regard to the jurisdiction of state courts, the Court will not permit crafty trial tactics to deprive a nonresident defendant of a valid statutory right to removal.... Proper removal does no violence to state-federal relations."

*Also see  Greer v. Skilcraft*, 704 F.Supp. 1570, 1583 (N.D. Ala. 1989).

Northeastern and North-central Oklahoma.  Plaintiff's counsel offices in Sand Springs, Oklahoma, where fees have traditionally been lower than those in the downtown Tulsa area.  Many factors go into the establishment and/or entitlement to an hourly billing rate.

In *Blanchard v. Bergeron*, 489 U.S. 87 (1989), cited by Plaintiff's counsel,  the court considered the twelve factors set forth in *Johnson v. Georgia Highway Express,* 488 F. 2d 714 (5th Cir. 1974) and its progeny in determining what constituted a reasonable fee. These are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Plaintiff, however, touched only minimally on these factors in his initial affidavit.

In reply to State Farm Mutual's response, Plaintiff's counsel submitted a more detailed affidavit listing his "participation" in specific cases in specific courts, including one other motion to remand in which he "successfully assisted" co-counsel in this district. Billing records remain, however, noticeably absent. Despite again citing to *Blanchard*, many of the factors remain unaddressed.

*Oklahoma Natural Gas Company v. Apache,* 355 F. Supp. 2d 1246 (N.D. Okla. 2004) is cited by State Farm Mutual in support of its position that fees are not appropriate because Plaintiff has "block billed," a reference to the fact that Plaintiff did not submit billings which separate time devoted to different tasks.

9

A review of attorney fees awarded by the undersigned in this district reflects the highest hourly rate to have been awarded in a contested fee application to highly qualified attorneys with many years of experience and expertise was $250.00 an hour.  Magistrate Judge Paul Cleary, in *Apache*, in applying this rate, noted in footnote 8 that a party "may choose to travel the litigation highway in a Lexus rather than the more common Chevrolet. However, under a fee-shifting statute such as presented here, the losing party is only responsible for the cost of the Chevrolet, if that is the standard in the community."  In *Apache*, trial counsel, a respected and experienced litigator,  established his clients were charged in excess of $325.00 an hour.

*Apache* serves as a guide in this district for cap on attorney fees in this district. Unfortunately, it does not provide assistance in evaluating the value of the vehicle now before the court.

Plaintiff's counsel states that abilities and what is a reasonable rate are not solely a function of years spent. The court agrees. They are but some of the factors to be considered under counsel's own submitted authority.

Plaintiff's counsel further states an award of attorney fees is appropriate to serve as a deterrent against conduct in the future by other like-minded defendants which wastes judicial resources.  The court again agrees.

### VI. Recommendation

Accordingly, the court recommends Plaintiff's counsel be awarded attorney fees in the amount of $2300.00.  The court takes judicial notice that an attorney with the legal credentials and background of counsel is entitled to bill $115.00 an hour and  twenty (20)

10

hours would be a reasonable amount of time to successfully advocate a motion to remand. More importantly, however, to award no fees in this case would not serve to deter State Farm Mutual's conduct in future cases.

## VII. Objections

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation.  Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 6 (as to computation of time periods).  If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)*.  See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation.  "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions.*" United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir. 1996) (*quoting Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  **Thus, a**

11

**timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

Dated this 17th day of March 2008.

Sam A. Joyner
United States Magistrate Judge

12