**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEVIN WORMUTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-552-GKF-SAJ |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE CO., STATE FARM FIRE & ) | |
| CASUALTY COMPANY, CHAD KILBY, ) | |
| and TONY COOKS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is "Defendant State Farm Mutual Automobile Insurance Company's Objection to Magistrate's Recommendation and Brief in Support" [Document No. 36]. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") objects to the recommendation of Magistrate Judge Sam A. Joyner that Plaintiff Devin Wormuth ("Wormuth") be awarded attorney fees in the amount of $2,300.00, which were incurred as a result of State Farm's unreasonable removal of this action.

This case was initially filed in the District Court for Osage County, Oklahoma. Upon service of the lawsuit, State Farm promptly filed a Notice of Removal to this Court. [Document No. 2]. The Notice alleged that the individual defendants, Chad Kilby and Tony Cooks, who were investigators for the insurance company defendants, were fraudulently joined by Wormuth in order to defeat federal diversity jurisdiction. On May 21, 2007, this Court entered an order remanding the case back to the Osage County District Court, concluding that there was no fraudulent joinder and, as such, no federal diversity jurisdiction. [Document No. 27].

Following remand, Wormuth filed a motion for an award of attorney fees incurred as a result of removal. [Document No. 29]. Wormuth argued that State Farm lacked on objectively reasonable basis for removing the action to this Court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005) (courts may award attorney's fees under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal). Wormuth sought attorney fees in the amount of $3,900.00. In opposition to the motion, State Farm argued that this Court lacks jurisdiction to consider Wormuth's motion because any award of attorney fees must have been made in the remand order itself. In support of its argument, State Farm relied upon 28 U.S.C. § 1447(c), providing that "[a]n order remanding the case may require payment of [costs and attorney fees]... incurred as a result of the removal." State Farm also argued that removal was based on objectively reasonable grounds, and therefore, an award of fees is unwarranted.

The Court referred the motion to Magistrate Judge Joyner, who determined that (i) this Court has jurisdiction to consider Wormuth's motion for attorney fees following entry of the remand order; (ii) State Farm lacked an objectively reasonable basis for removing the case from Osage County District Court to this Court; and (iii) Wormuth is entitled to attorney fees incurred as a result of State Farm's removal in the amount of $2,300.00. Magistrate Judge Joyner's conclusions are detailed in a Report and Recommendation entered March 17, 2008. [Document No. 35].

Upon review of the Report and Recommendation and the briefs filed by the parties, this Court concurs with the Magistrate Judge and accepts his reasoning and recommendations. With respect to the threshold question of jurisdiction, the Court concludes that the absence of an award of attorney fees or costs in the remand order itself does not deprive the court of jurisdiction to award

fees incurred as a result of removal. *See, e.g. Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 256 (6th Cir. 1996); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1258 (3rd Cir. 1996). In addition, the Court concludes that, based upon the reasons set forth in Magistrate Judge Joyner's Report and Recommendation, State Farm lacked an objectively reasonable basis for removing the case for fraudulent joinder and, therefore, an award of attorney fees in favor of Wormuth is warranted. Finally, the Court concludes that an award of attorney fees in the amount of $2,300.00 in favor of Wormuth is appropriate and reasonable.

**WHEREFORE**, Defendant's Objection [Document No. 36] is overruled, and the Report and Recommendation [Document No. 35] is hereby accepted and adopted.

**IT IS SO ORDERED** this 21st day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma